949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Juan D. BARRIENTOS, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7044.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs (VA) moves to dismiss Juan D. Barrientos' petition for review for lack of jurisdiction. Barrientos has not filed an opposition.
 
 
 2
 Barrientos, a Philippine national, served in the United States Armed Forces from June 1943 to April 1946. In 1955, Barrientos filed a claim with the VA regional office for service-connected disability for pulmonary tuberculosis that was allegedly incurred or aggravated by his service with the Armed Forces. The regional office denied Barrientos' claim on July 5, 1956. Barrientos reopened his claim on several other occasions. On January 8, 1963 and February 9, 1966, after the filing of Notices of Disagreement, the Board of Veterans Appeals affirmed the regional office's denials. On September 19, 1990, Barrientos again filed a claim with the regional office. The regional office confirmed its prior denial of service connection for pulmonary tuberculosis on October 29, 1990. There is no record of Barrientos appealing this latest denial to the Board. Rather, Barrientos filed a petition seeking direct judicial review by this court.
 
 
 3
 This court's jurisdiction to review VA benefit decisions is narrowly circumscribed. See 38 U.S.C. § 211(a) (generally prohibiting review of VA decisions concerning benefits). There are, however, two limited exceptions to this general prohibition. A petitioner may appeal a final decision of the Court of Veterans Appeals or a petitioner may seek direct review of an action by the VA that violates the publication or notice and comment requirements applicable to VA rules, regulations, or statements of policy. See 38 U.S.C. § 4092, redesignated as § 7092, and 38 U.S.C. § 223(c). As Barrientos is not petitioning for review of a final decision by the Court of Veterans Appeals, we consider whether this court has jurisdiction under the direct review provisions of 38 U.S.C. § 223(c).*
 
 
 4
 The VA argues that this court is without jurisdiction because Barrientos is not alleging a violation of the VA rulemaking requirements. Although, Barrientos' petition for review refers to "Section 354, Title 38, U.S.Code, and other Code of Federal Regulations", Barrientos argues only that those statutes and regulations "which the Department of Veterans Affairs should have liberally applied to my case, were NOT APPLIED [emphasis in original]." Further, in answer to question three of the informal brief, "[w]hat regulations, if any, of the Secretary of Veterans Affairs do you want reviewed by this court?", Barrientos responds:
 
 
 5
 [a]ll CFRs and VARs cited by the BVA and Regional Office (VA) of record. 38 USC Section 354. Doctrine of Reasonable Doubt. I have appealed to the Board of Veterans Appeals either 2 or 3 times. Kindly request the VA to furnish all the regulations which could result in a favorable decision of service connection for my PTB and hemoptysis, and allow me to claim service connection for my said disabilities, since there was AGGRAVATION or direct service connection for same disabilities.
 
 
 6
 Thus it is clear that Barrientos is not challenging a violation of the publication, or notice and comment requirements. Rather, Barrientos is challenging the application of certain regulations to the facts of his case. Section 223(c) does not provide the court with jurisdiction over such a challenge. See Hilario v. Secretary, Department of Veterans Affairs, No. 90-7003, slip op. at 6 (Fed.Cir. Jan. 10, 1991). Therefore, dismissal is appropriate.
 
 
 7
 Accordingly.
 
 IT IS ORDERED THAT:
 
 8
 The VA's motion to dismiss is granted.
 
 
 
 *
 38 U.S.C. § 223(c) provides in relevant part:
 An action of the [Secretary] to which 552(a)(1) [governing publication requirements] or 553 [governing notice and comment requirements for agency rulemaking] of title 5 (or both) refers ... is subject to judicial review.